UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL MAAS RISENHOOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-1341 (UNA) |
| | ) | |
| CHEN SHUI-BIAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis*, *pro se* complaint, and motion for CM/ECF password. The Court grants the application, denies the motion for CM/ECF password, and for the reasons discussed below, dismisses the complaint.

Complaints filed by pro se litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and

direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

The complaint in this case is incomprehensible, and it concludes with the following demand for relief:

> Plaintiff requests that the Court appoint a Commissioner to take evidence of US naval administration, Seventh Fleet command, IndoPacom Command, AIT staff and Board members in the US, for use in trial in Taipei, on charges of lese majeste, libel, slander, defamation of character and false public documents, degrees, diplomas, and doctoral thesis, fraud and money laundering in other instances. Plaintiff also requests that the Commissioner take evidence in London at the LSE and University of London and in Taipei at Soochow University and National Cheng Chi University, regardless of any Top Secret sealing of the academic tenure records and official student record and files therein. And evidentiary and testimonial evidence of Shuibian Chen, then acting US naval governor recognized democratically elected leader[.]

Compl. at 23–24 (page numbers designated by CM/ECF). Scattered throughout the complaint are links to websites and what appear to be excerpts of memoranda and speeches. There are hundreds of pages of exhibits, the relevance of which is unexplained, and they shed no light on the matter. Because the complaint utterly fails to provide notice of a claim, it will be dismissed. *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (a complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy assortment of claims that are neither

plainly nor concisely stated") (cleaned up)), *aff'd sub nom. Cooper v. District of Columbia*, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

    A separate order accompanies this Memorandum Opinion.

DATE: June 30, 2023                                            ANA C. REYES
                                                                                  United States District Judge